**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DARREN CLARK** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 10-0850** |
| | : | |
| **COMMONWEALTH OF CHESTER** | : | |
| **COUNTY, et al** | : | |

## ORDER

**AND NOW**, this 20th day of July, 2010, upon consideration of the Petition for Writ of Habeas Corpus (Document No. 1), the Respondents' Answer to Petition for Writ of Habeas Corpus (Document No. 6), the Report and Recommendation filed by United States Magistrate Judge Lynne A. Sitarski, the petitioner's objections to the Report and Recommendation, and after a thorough and independent review of the record, it is **ORDERED** that:

1.     The petitioner's objections are **OVERRULED**;[1]

2.     The Report and Recommendation of Magistrate Judge Lynne A. Sitarski  is **APPROVED** and **ADOPTED**;

3.     The Petition for Writ of Habeas Corpus is **DENIED**; and,

4.     There is no probable cause to issue a certificate of appealability.

                                          /Timothy J. Savage
                                          TIMOTHY J. SAVAGE,  J.

---

[1]  In his objections to the Report and Recommendation, petitioner contends that the magistrate judge erred in not applying equitable tolling.  He claims that the 77 days his PCRA petition was not considered by the state court "due to an administrator error" should have been excluded from the limitations period.  So, he argues, because the magistrate judge calculated that he had missed the statute of limitations by only 62 days, his petition should be considered timely.  However, his reading of the Report and Recommendation is mistaken.  The magistrate judge found, and the record supports her finding, that the petition was filed 14 months after the statute of limitations had expired. Thus, a period of 77 days does not alter the untimeliness of his petition.